Anthony J. DOUSEWICZ, Appellant,

v.

Patricia R. HARRIS, Secretary of Health, Education and Welfare, Appellee.

No. 678, Docket 80–6117.

United States Court of Appeals, Second Circuit.

Argued Jan. 12, 1981.

Decided April 8, 1981.

Arthur P. Anderson, Burlington, Vt. (Saxer & Anderson, Burlington, Vt., of counsel), for appellant.

Karen McAndrew, Asst. U. S. Atty., Burlington, Vt. (William B. Gray, U. S. Atty., Rutland, Vt., for the District of Vermont, of counsel), for appellee.

Before MOORE, MANSFIELD, and MULLIGAN,* Circuit Judges.

MOORE, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the District of Vermont (Honorable Albert W. Coffrin, District Judge), which held there was substantial evidence supporting the decision of the Secretary of Health, Education and Welfare that appellant Anthony Dousewicz was not disabled as of September 30, 1971. We reverse, concluding that the Secretary's decision is not supported by substantial evidence, and remand to the Secretary for the establishment of a period of disability and the payment of benefits to Dousewicz.

*The Statutory Framework*

A person is disabled and eligible to receive social security disability benefits when that person is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d)(1)(A) (1976). That impairment must be of such severity that the person "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work". 42 U.S.C. § 423(d)(2)(A) (1976). The burden of proving disability is on the claimant, 42 U.S.C. § 423(d)(5) (1976); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980); *Flores v. Department of Health, Education and Welfare*, 465 F.Supp. 317, 324 (S.D.N.Y.1978). "Once the claimant has established a prima facie case, by showing that his impairment prevents his return to his prior employment, the burden shifts to the Secretary, who must produce evidence to show the existence of alternative substantial gainful work which exists in the national economy and which the claimant could perform, considering not only his physical capability, but as well his age, his education, his experience and his training." *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980); *accord, Hall v. Secretary of Health, Education and Welfare*, 602 F.2d 1372, 1375 (9th Cir. 1979); *Hephner v. Matthews*, 574 F.2d 359, 362 (6th Cir. 1978); *Small v. Califano*, 565 F.2d

* Before leaving the court, Judge Mulligan concurred in the result.

797, 800 (1st Cir. 1977); *Thompson v. Mathews*, 561 F.2d 1294, 1296 (8th Cir. 1977); *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976); *Lewis v. Weinberger*, 515 F.2d 584, 587 (5th Cir. 1975); *Stark v. Weinberger*, 497 F.2d 1092, 1098 (9th Cir. 1974); and *Meneses v. Secretary of Health, Education and Welfare*, 442 F.2d 803, 807 (D.C.Cir.1971).

█ A claimant may obtain review of the Secretary's final decision in a civil action in federal district court. In that proceeding, the findings of the Secretary are conclusive where supported by substantial evidence, 42 U.S.C. § 405(g) (1976), *as amended by* Act of June 9, 1980, Pub.L.No.96–265, 94 Stat. 458. It is not the function of a reviewing court to determine *de novo* whether the claimant is disabled, but to decide whether the Secretary's decision is supported by substantial evidence, *Parker v. Harris*, 626 F.2d at 231; *Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir. 1978); and *Gold v. Secretary of Health, Education and Welfare*, 463 F.2d 38 (2d Cir. 1972). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938). In its deliberations the District Court should consider the fact that the Social Security Act is a remedial statute to be broadly construed and liberally applied, *Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir. 1978); *Haberman v. Finch*, 418 F.2d 664, 667 (2d Cir. 1969); *Gold v. Secretary of Health, Education and Welfare*, 463 F.2d 38, 41 (2d Cir. 1972). The judgment of the District Court should be "final except that it shall be subject to review in the same manner as a judgment in other actions". 42 U.S.C. § 405(g) (1976), *as amended by* Act of June 9, 1980, Pub.L.No.96–265, 94 Stat. 458. Where the trial court or the appellate court finds that the Secretary's decision is not supported by substantial evidence, § 405(g) authorizes the court to reverse the Secretary's decision "with or without remanding the cause for a rehearing".

*Facts and Discussion*

The plaintiff, a 63 year old man, claims that he has been disabled since July of 1966 by chronic pain in his back and shoulders caused by chronic pain syndrome, physical pain caused by depression. He is entitled to disability benefits if he was disabled on September 30, 1971, the last date on which the claimant met the earnings requirement. "To be insured for disability benefits in a given month, an individual must meet certain earnings requirements for twenty of the forty quarters ending with the quarter in which that month occurred." *Parker v. Harris*, 626 F.2d at 228, n.3, *citing* 42 U.S.C. §§ 423, 414, 413 (1974).

Appellant Dousewicz's employment history consists mostly of his work as a warehouse supervisor for the United States Air Force from 1942 to his retirement in 1964. Between his retirement in 1964 and the time in 1972 when he ceased looking for employment, plaintiff worked from time to time as a traffic counter, parts tester for a manufacturer, and an apple picker. Plaintiff first applied for disability benefits on June 5, 1973, claiming that he was disabled as of July of 1966.

This case has had a long history. In an earlier proceeding the Secretary denied Dousewicz benefits, finding that he had not met his burden of proof and that he could perform his prior work as a warehouse supervisor. Judge Coffrin found that decision not supported by substantial evidence, reversed, and remanded the case to the Secretary to take evidence on the question of whether the plaintiff retained on September 30, 1971, the physical capacity to perform jobs then existing in the national economy. *Dousewicz v. Califano*, No. 77–110 (D.Vt., filed August 25, 1978). On the remand the burden of proof shifted to the Secretary. A supplemental hearing was held, after which the Administrative Law Judge recommended that the plaintiff not be afforded benefits. The Appeals Council accepted the recommendation. Judge Coffrin found that determination supported by substantial evidence, and entered summary judgment for the Secretary. *Dousewicz v.*

*Harris,* No. 79–122 (D.Vt. filed June 6, 1980). From that judgment, plaintiff appeals.

Much of the evidence introduced did tend to show that the claimant was in fact disabled at the relevant time. Appellant's medical history shows a consistent history of back and shoulder pain. In June, 1966, the Veteran's Administration found the plaintiff 40% disabled. In January and again in June of 1967, the claimant was admitted to the hospital with a complaint of back pain. In 1968, the Veteran's Administration found the claimant 60% disabled. A record of a hospital visit by the plaintiff in 1968 contains the following report:

"The patient states that he has had pain in both shoulders for many years. He has no particular reason for coming to the hospital at this time except that the pain has become gradually and persistently worse. . . . At present, therefore, he is not working and states he is not doing so for both reasons that his shoulders are sufficiently troublesome so that he cannot concentrate; and, as well, he states he is nervous and unable to work for this reason also."

That same year the claimant was operated on to remove a calcium deposit in his shoulder. In 1969, the claimant reported back and shoulder pain to his doctors. In 1970, the Veteran's Administration found Dousewicz 100% disabled.

■ Furthermore, the doctor who has treated Dousewicz since 1973, Dr. Phillip Sanfacon, stated that Dousewicz has probably been disabled since 1967. And Dr. Sanfacon's description of Dousewicz's adjustment to chronic pain supports the proposition that Dousewicz's pain rendered him unable to engage in substantial gainful employment:

"This man has adjusted remarkably well to his chronic pain syndrome by doing the following. He had found that by changing positions often, sitting or standing interspersed with walks or lying down, avoiding any bending, stooping, elevation of arms, taking his tranquilizers, staying home quietly alone, avoiding the 'rat race' of goal oriented jobs was a remarkable way of minimizing his pain and making life tolerable. This man has succeeded in achieving the following goals set out for him, to avoid drug addiction, and suicide. What is extremely remarkable is that in face of the chronic pain syndrome this man has licked his severe alcoholic problem as of 1973."

While Dr. Sanfacon did not treat the appellant during the relevant period before September 30, 1971, his opinion is still entitled to significant weight. "[A] diagnosis of a claimant's condition may properly be made even several years after the actual onset of the impairment." *Stark v. Weinberger,* 497 F.2d 1092, 1097 (7th Cir. 1974), *citing Berven v. Gardner,* 414 F.2d 857, 861 (8th Cir. 1969), *Murphy v. Gardner,* 379 F.2d 1, 7 (8th Cir. 1967). Such a diagnosis must be evaluated in terms of whether it "is predicated upon a 'medically accepted clinical diagnostic technique'" and whether "considered in light of the entire record, it establishes the existence of a 'physical impairment' prior to" 1971. *Stark v. Weinberger,* 497 F.2d at 1097.

■ While there is considerable evidence suggesting that Dousewicz was disabled on September 30, 1971, there is, on the other hand, very little evidence supporting the Secretary's determination that Dousewicz was not disabled at the time. At the supplemental hearing, the Administrative Law Judge heard evidence in the form of a vocational expert's testimony that sedentary work existed on September 30, 1971, for which plaintiff was suited by his age, education and work experience. This proof discharged the Secretary's burden as to the *availability* of work for which a partially disabled claimant remains vocationally suited, *Taylor v. Weinberger,* 512 F.2d 664, 669 (4th Cir. 1975); *Garrett v. Richardson,* 471 F.2d 598, 603 (8th Cir. 1972). It does not, however, support the Secretary's determination that this plaintiff retained the residual physical *capacity* for sedentary work before September 30, 1971. The Secretary offered no medical testimony on the plaintiff's *capacity* to perform sedentary labor.

Nor does the other evidence in the record demonstrate that the Secretary has met her burden of showing that the plaintiff was

not disabled by such relevant evidence as a reasonable mind might accept as adequate to support such a conclusion. The evidence relied on by the Secretary is not substantial. The absence of localized joint pain prior to 1973 bears on the plaintiff's arthritis of the knees, not on the chronic back pain which is the basis of his claim of pre-1971 disability. The stability of the claimant's right shoulder for one year, the retained full range of motion and the absence of internal abnormalities also fail to bear on the question of whether the plaintiff's chronic pain was disabling. Nor is the void filled by the testimony of Dr. Roger Moxon, a doctor whose opinion was solicited by Dr. Sanfacon, Dr. Moxon wrote that the plaintiff's condition had grown progressively more disabling. Yet the fact that a condition is more disabling today than it was yesterday does not mean that the condition was not disabling yesterday.

The Secretary simply left too great a void when she failed to produce medical testimony as to whether the plaintiff was disabled as of September 30, 1971 by his ailments. Accordingly, we reverse, and remand to the Secretary for the establishment of a period of disability and the payment of benefits to Dousewicz.

Reversed and remanded.