Martha NEWTON, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. CIV-82-1022.

United States District Court, W.D. New York.

July 27, 1983.

---

Charles E. Kaiser, Rochester, N.Y., for plaintiff.

Salvatore R. Martoche, U.S. Atty., Rochester, N.Y., for defendant.

## MEMORANDUM DECISION and ORDER

### FACTS

TELESCA, District Judge.

The present action was brought by the plaintiff pursuant to section 205(g) of the Social Security Act, 42 U.S.C., Section 405(g) to review a final determination of the defendant, the Secretary of Health and Human Services ("Secretary"), terminating plaintiff's disability benefits. Plaintiff and defendant have cross-moved for summary judgment. After careful consideration of the administrative hearing record, the exhibits, affidavits and other legal memoranda submitted by the parties, I have determined that the Secretary's decision is not supported by substantial evidence and the plaintiff is therefore entitled to summary judgment. For the purposes of establishing a record, I will briefly detail my rationale.

Plaintiff is a forty-three year old woman with an impressive and diligent work history who was in excellent health until early 1976. At that time, she complained to her physician, Dr. Donald W. Curtis, of weakness and stiffness in her hands which progressed to similar weakness and stiffness in her legs and feet. She was admitted to the hospital in January of 1977 and diagnosed to have a congenital nervous disorder termed "Von Recklinghaussen's Neurofibromatosis." The disease is characterized by the formation of multiple nerve tumors which in some cases involve the brain and spinal cord. A tumor was identified on the plaintiff's cervical spinal cord which was exerting direct pressure on the nerves leading to all four extremities. Surgery to remove the tumor was performed by Dr. William Cotanch in January of 1977, and thereafter although plaintiff's condition improved, she did not return to normal. She continued to experience weakness and stiffness to her extremities, especially her hands.

Plaintiff filed an application for disability benefits on February 10, 1977 which was denied. Plaintiff refiled on October 28, 1977 and this second application was also denied. Plaintiff filed a third application for disability benefits on July 13, 1978 and

this application was initially denied which denial was later affirmed on reconsideration. Plaintiff was then granted a hearing on April 23, 1979, and the Administrative Law Judge found that the plaintiff had been disabled from June 16, 1976 to November 19, 1978 due to the spinal cord tumor which was removed.

Plaintiff filed a fourth application for disability benefits on October 24, 1979 which was denied initially and again on reconsideration. Plaintiff again requested a hearing and on June 18, 1980 the Administrative Law Judge found that she was not entitled to disability benefits. This decision was reversed by the Appeals Council and remanded for further proceedings. On remand after further hearings, the Administrative Law Judge found that the plaintiff had been continuously disabled since June 16, 1976. As a result, plaintiff was awarded benefits retroactive to February 1, 1979, the date her original disability benefits had been terminated.

Subsequently, plaintiff received notification in the spring of 1982 that her disability was found to have ceased in March of 1982 and that her benefits would terminate as of May 31, 1982. Plaintiff was then granted a hearing on June 18, 1982 before an Administrative Law Judge. In support of her position that the benefits should not be terminated, plaintiff submitted reports of her attending physician, Dr. Donald Curtis, who expressed the opinion on numerous occasions that the plaintiff was unable to perform even sedentary work. In Dr. Curtis' most recent report, dated May 27, 1982, he states:

> Certainly, at the present time, it is out of the question for her to ever think of resuming her work as a nurse's aide. In addition, she cannot use her hands for any fine movement. For this reason, I doubt that she could be retrained for any useful occupation. She would be unable to stand for any significant period of time, can sit for only short periods, cannot use her feet to move any type of treadle or any other type of machine. In summary, I feel this patient is disabled

for her own and for any useful occupation. (record, p. 312).

Also in the record appears a report of a Dr. Paul Wallace of the United Medical Associates to whom the New York State Department of Social Services, Division of Disability Determination, had referred plaintiff for examination. His conclusions were that plaintiff had "diffuse neurofibromatosis with history of cervical cord tumor and status post resection with persistent neurological deficits." (record, p. 305).

In his decision terminating plaintiff's benefits the Administrative Law Judge, citing Social Security Ruling 82–30, gave probative weight to a report entitled "Statement of Residual Functional Capacity" from the New York State Department of Social Services which was signed by a Dr. S. Feidler on March 18, 1982. This report indicated that the plaintiff could sit for eight hours, walk up to six hours and stand for six hours of an eight hour work day. The report also indicated that the plaintiff could lift and carry ten pounds and occasionally lift and carry twenty pounds and could push and pull ten pounds frequently and twenty pounds occasionally. In light of this "evidence" the Administrative Law Judge found that the plaintiff was capable of performing light work and was not disabled. This decision was affirmed by the Appeals Council and is therefore a final decision subject to judicial review by this court.

## DECISION

■ It is well settled that "[t]he expert opinion of the claimant's treating physician is entitled to particular weight" in ascertaining the severity of the claimant's disability. *Parker v. Harris,* 626 F.2d 225 (2d Cir.1980). "The expert opinion of a treating physician as to the existence of disability is *binding upon the fact finder unless contradicted by substantial evidence to the contrary* ", *Bastien v. Califano,* 572 F.2d 908, 912 (2d Cir.1978).

■ Plaintiff's treating physician, Dr. Curtis, repeatedly authored reports concluding that the plaintiff was disabled from the

onset of her disease. This conclusion is supported by the reports of Dr. Wallace and Dr. Cotanch. The Administrative Law Judge, however, chose instead to rely on a medical report signed by Dr. S. Feidler. Dr. Feidler's report sets forth detailed findings as to plaintiff's ability to stand, sit, walk, lift, carry, push and pull. After careful consideration of the facts surrounding the preparation of this "report", I find Dr. Feidler's opinion as to plaintiff's disability should have been given very little, if any, weight by the Administrative Law Judge. It is clear from the record that plaintiff was never physically examined by Dr. Feidler or anyone associated with him. Rather, Dr. Feidler's report is simply a form completed by a "disability analyst" employed by the defendant, apparently after reviewing claimant's medical records. The completed form is then forwarded to a physician, such as Dr. Feidler, who reviews the conclusions of the "disability analyst" and, if he agrees with those conclusions, signs the form. In the instant case neither Dr. Feidler nor the disability analyst bothered to set forth the medical data upon which they relied in reaching their decision that plaintiff was not disabled. After reviewing all of the medical opinions in the record, it is clear that the Administrative Law Judge erred in according greater weight to the opinion of Dr. Feidler than to claimant's treating physicians.

In light of the circumstances surrounding Dr. Feidler's "report" I find that the record discloses a complete absence of contrary medical proof to the affirmative evidence offered by the plaintiff of her disability. See *Eiden v. Secretary of Health, Education and Welfare,* 616 F.2d 63 (2nd Cir. 1980).

The Social Security Act is a remedial statute to be broadly construed and liberally applied. *Dousewicz v. Harris,* 646 F.2d 771 (2nd Cir.1981). Accordingly, I hold that the Secretary's finding that the plaintiff is no longer disabled within the meaning of the law is not supported by substantial evidence and must be reversed. Because the record provides "persuasive proof of disability", a remand for further evidentiary pro-

ceedings would serve no useful purpose. See *Parker v. Harris,* 626 F.2d 225 (2nd Cir.1980). Therefore, I reverse and remand to the Secretary for the immediate calculation and payment of benefits to the plaintiff.

SO ORDERED.