5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edward E. DUNCAN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-7134.
 United States Court of Appeals, Tenth Circuit.
 Aug. 19, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant appeals from a district court order affirming the Secretary's decision to deny social security benefits. We review the Secretary's decision on the entire record "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991).
 
 
 3
 Claimant alleged a disability based on severe breathing problems and other ailments.[1] Employing the Secretary's five-step evaluative sequence, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988), the administrative law judge (ALJ) found claimant's impairments nonsevere and concluded at step two that claimant was not disabled. Claimant challenges that determination as unsupported by substantial evidence in the record as a whole. We agree and reverse.
 
 
 4
 Claimant last met the disability insured status requirements on June 30, 1987. He therefore must demonstrate that he was disabled before that date. Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1348-49 (10th Cir.1990). Claimant was denied benefits when the ALJ found that "claimant did not have any impairment(s) which significantly limited his physical or mental ability to do basic work activity on or before June 30, 1987." R.Vol. II at 7. Claimant had appeared at the administrative hearing without counsel.
 
 
 5
 "The Secretary has established a five-step sequential evaluation process for determining whether a claimant is disabled." Williams, 844 F.2d at 750. Step two of that process determines " 'whether the claimant has a medically severe impairment or combination of impairments.' " Id. (quoting Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987)). The step two severity determination is based on medical factors alone, and does not include consideration of vocational factors such as age, education, and work experience. Id. "[T]he claimant must make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities...." Id. at 751; see also 20 C.F.R. Sec. 404.1520(c) (1990). Inherent in this determination is some evaluation of the impact of the impairment on "basic work activity." Soc.Sec.Rul. 85-28, Soc.Sec. Reporting Serv. 1983-1991 (West) 390, 393. The latter is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. Sec. 404.1521(b) (1990). Examples of basic work activities include:
 
 
 6
 (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
 
 
 7
 (2) Capacities for seeing, hearing, and speaking;
 
 
 8
 (3) Understanding, carrying out, and remembering simple instructions;
 
 
 9
 (4) Use of judgment;
 
 
 10
 (5) Responding appropriately to supervision, co-workers and usual work situations; and
 
 
 11
 (6) Dealing with changes in a routine work setting.
 
 
 12
 Id. A claim may be denied at step two only if an impairment, or combination of impairments, produces no more than a minimal effect on the claimant's physical and/or mental ability to do basic work activities. Soc.Sec.Rul. 85-28, Soc.Sec. Reporting Serv. (West) 390, 393. "If such a finding is not clearly established by medical evidence, ... adjudication must continue through the sequential evaluation process." Id. Once a claimant presents medical evidence and makes a mere "de minimus" showing of medical severity, the decision maker must proceed to step three. Williams, 844 F.2d at 751.
 
 
 13
 As we are required to do, we have thoroughly reviewed the record presented to us. We are at a loss, however, to understand how the ALJ could have properly considered this evidence without some sort of follow up contact with claimant's treating physician for help in deciphering the various notes and test results. From what we can glean from the record, the following relevant evidence appears:
 
 
 14
 On May 28, 1986, claimant was examined by a person who may have been a physician. R.Vol. II at 104. Apparently prior to seeing this person, claimant either was examined by or interviewed by a registered nurse. The nurse's notes indicate "lungs filling with fluid--coughing--clear phlegm--S.O.B. [shortness of breath] with minimal activity." Id. It is unclear whether these symptoms were reported to the nurse by claimant or whether they were observed by way of objective clinical means. Following this entry in the medical record are largely indecipherable notes, presumably from the examining physician. One of the few readable notations is a diagnosis of "probable COPD."[2] Sometime after this exam, claimant apparently had a chest x-ray. The record contains a radiologic report dated May 29, 1986, indicating the following:
 
 
 15
 CHEST: Lung fields, heart, diaphragm and pleura are clear. No lobar, segmental or air space opacification or mass shadows are present. Calcific spots in lungs and hilar areas represent residues of previous inflammatory episodes. Deep inspiratory position, big hilar vessels, slender secondary vessels indi-ate [sic] an element of emphysema.
 
 
 16
 R.Vol. II at 106. In August 1986, claimant had another medical examination, apparently by the same physician who had examined him in May, which again indicates that claimant probably had COPD. Id. at 103.
 
 
 17
 In denying claimant's application at step two, the ALJ relied on blood gas studies supposedly done during the relevant time period, and on claimant's history of sporadic medical treatment. R.Vol. II at 7. This evidence, however, is not enough to support the ALJ's conclusion that claimant's breathing problems had only a minimal effect on his ability to do basic work activities.[3]
 
 
 18
 A claimant seeking social security benefits has the burden of proving his disability. Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir.1987). Nevertheless, "a Social Security disability hearing is a nonadversarial proceeding, in which the ALJ has a basic duty of inquiry, 'to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts.' " Id. (quoting Heckler v. Campbell, 461 U.S. 458, 471 n. 1 (1983) (Brennan, J., concurring)). In reviewing the ALJ's decision, the district court is under a similar duty. Id.
 
 
 19
 When presented with an unrepresented claimant, as the ALJ was here, the duty to inquire and fully develop the record is heightened. Id.; see also Baker v. Bowen, 886 F.2d 289, 291-92 (10th Cir.1989). The ALJ, however, did not avail himself of the various means available to him to further develop the record in this case. A medical assessment, which should have been included in claimant's medical records, see 20 C.F.R. Sec. 404.1513(b)(6) (1990), was not included and would have provided information about claimant's ability to do work-related activity. At a minimum, the treating physician could have been contacted for clarification of the raw data in the record and for an opinion regarding whether claimant could have done basic work activities at the relevant time. The ALJ could also have ordered a consultative examination of claimant. See Thompson v. Sullivan, 987 F.2d 1482, 1291 (10th Cir.1993) (where evidence provided no basis upon which to make a determination of residual functional capacity, ALJ should have ordered a consultative exam).[4]
 
 
 20
 Due to the ALJ's failure to properly develop this record, there is no substantial evidence to support his conclusion that claimant does not have a severe impairment because there is no evidence whatsoever regarding the impact of any impairment on claimant's ability to do basic work activities. The ALJ apparently presumed from the results of a blood gas study and from claimant's number of doctor visits that he was able to do basic work activities. Presumption is not a substitute for evidence, and a finding of nondisability at step two should be made only with great care. Soc.Sec.R. 85-28, Soc.Sec. Reporting Serv. (West) 390, 394.
 
 
 21
 For the above reasons, this case is remanded for further proceedings, including a supplemental hearing[5] and the development of additional evidence either from claimant's treating physician and/or from a consultative examination.
 
 
 22
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and this case is REMANDED with directions to remand to the agency for further proceedings consistent with this order and judgment.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 On appeal, claimant does not discuss his other alleged impairments and argues only that his breathing difficulties render him disabled
 
 
 [2]
 COPD is the acronym for chronic obstructive pulmonary disease, of which emphysema is a subset. 20 C.F.R. Pt. 404, Subpt. P, App. 1 Sec. 3.00A. It is not a slight, insignificant, or meaningless impairment. Martin v. Heckler, 748 F.2d 1027, 1032 (5th Cir.1984). Under the proper circumstances, COPD is a possible per se disabling impairment. Id. at 1032-33
 
 
 [3]
 We note that the blood gas study, referenced by the ALJ as Exhibit 14 and relied on by him to support his conclusion, does not appear in the record on appeal. While we have what appears to be an intact Exhibit 14 and a copy of blood gas studies done in September 1987, see R.Vol. II at 110, we find no results from a 1986 blood gas study
 
 
 [4]
 We note that a diagnosis and determination can be made now and the results projected back to claimant's probable condition prior to the expiration of his insured status. See Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1348 (10th Cir.1990) (citing Millner v. Schweiker, 725 F.2d 243, 246 (4th Cir.1984); Dousewicz v. Harris, 646 F.2d 771, 774 (2d Cir.1981))
 
 
 [5]
 Claimant complains on appeal that the Secretary has not provided a complete transcript of his administrative hearing because the transcript reveals an obvious gap in the testimony. Matters claimant believes were omitted from the first hearing transcript can be inquired into at the supplemental hearing