Robert J. LUCAS, as Executor for Domenica Lucas, deceased, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Defendant–Appellee.

No. 04–2349–cv.

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

70

Lenore Dowis, Smithtown, N.Y., for Plaintiff–Appellant.

Leslie A. Ramirez–Fisher, Special Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Defendant–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Domenica Lucas ("Lucas"), now deceased, applied to the Social Security Administration ("SSA") for disability insurance benefits on September 11, 1998, claiming a disability onset date of April 28, 1996. Lucas had filed a previous claim for benefits for the period spanning April 28, 1996, through November 26, 1997. This first application had been denied and had become the final decision of the Commissioner of Social Security on August 6, 1998.

Upon consideration of Lucas's second application, an Administrative Law Judge ("ALJ") found no good cause to re-open Lucas's prior claim for disability benefits and held that Lucas's claim to benefits through November 26, 1997, was barred by the doctrine of res judicata. On her new claim for benefits, he ruled that prior to November 11, 1998, Lucas did not have a disability as the term is defined in the Social Security Act, 42 U.S.C. § 416(i)(1)(A), and denied her claim for benefits. Lucas appealed these determinations to the district court, and the district court affirmed the ALJ's decision in all respects. We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

We affirm the order of the district court with respect to the ALJ's decision not to re-open Lucas's prior claim for benefits. On the issue of Lucas's entitlement to disability benefits during the period from November 27, 1997, to November 10, 1998, however, we vacate and remand the decision of the district court for three reasons.

■ First, Social Security regulations require that the SSA give "controlling weight" to the medical opinion of an applicant's treating physician so long as that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); see also Rosa v. Callahan, 168 F.3d 72, 78–79 (2d Cir.1999). In the present case, the ALJ incorrectly stated and applied this standard. Lucas's physicians had provided a six-year treating history, supported by extensive documentation, that diagnosed Lucas with a cluster of progressive respiratory diseases.[1] The ALJ improper-

ly accorded these physicians' diagnoses only "some weight" and failed to enumerate adequate inconsistences with other substantial evidence in the record, as required by 20 C.F.R. § 404.1527(d)(2).

■ Second, the ALJ applied the wrong standard to the retrospective diagnosis of anxiety and depression made by Dr. Jerrold Abramson, Lucas's treating psychologist. A retrospective diagnosis, made as many as several years after an onset, must nonetheless be granted "significant weight" by the ALJ. See Dousewicz v. Harris, 646 F.2d 771, 774 (2d Cir.1981). As such, a retrospective diagnosis "must be evaluated in terms of whether it is predicated upon a medically acceptable clinical diagnostic technique and whether, considered in light of the entire record, it establishes the existence of a physical impairment." Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 861 (2d Cir. 1990). The ALJ did not satisfy these standards with respect to Dr. Abramson's diagnosis. He did not take into account the record evidence that Lucas had been prescribed anti-depressant and anti-anxiety drugs by other physicians from 1996 to 1998. He also failed to consider the diagnoses of two state physicians who found that Lucas had an "affective disorder." To the extent that these facts were not adequately developed in the administrative record—in particular, Lucas's precise history of prescriptions for anxiety and depression—the ALJ was obligated to fill these gaps. See Rosa, 168 F.3d at 79 (stating that "an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record").

■ Finally, the ALJ failed to develop adequately the administrative record with respect to Lucas's ability to perform sed-

1. Lucas died from these conditions at age 60.

entary work, including employment as a telemarketer. Lucas had worked as a telemarketer for three months during her nine-year career, but testified to the adverse physical effects of this work in light of her respiratory conditions. Other than this testimony, which the ALJ had found not credible, there was no medical evidence in the record that specifically addressed the effects on Lucas's respiratory frailties of a job requiring full-time verbal communication. In light of her treating physicians' corroborating diagnoses that Lucas was disabled from her former occupations, the ALJ erred in failing to solicit additional evidence on her physical capacity to engage in a verbal occupation. *See Rosa*, 168 F.3d at 79; *see also Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir.1996) (stating that "[w]hen there are gaps in the administrative record" or where "we are unable to fathom the ALJ's rationale in relation to the evidence in the record without further findings or clearer explanation for the decision," remand is appropriate) (internal quotations omitted).

For these reasons, we AFFIRM the judgment of the district court with respect to applying the doctrine of res judicata to Lucas's eligibility for benefits from April 28, 1996, to November 26, 1997; we VACATE the judgment of the district court with respect to Lucas's eligibility for benefits from November 27, 1997, to November 10, 1998; and we REMAND to the district court with instructions to remand to the Social Security Administration's Office of Hearings and Appeals for further proceedings consistent with this order.