20-4077-cv
Caldwell v. Comm'r of Soc. Sec.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-two.

PRESENT: RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

BOISEY CALDWELL,

*Plaintiff-Appellant*,

v.                                                                No. 20-4077-cv

COMMISSIONER OF SOCIAL
SECURITY,

*Defendant-Appellee*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: Boisey Caldwell, pro se, Bronx, NY

FOR DEFENDANT-APPELLEE: Leslie A. Ramirez-Fisher, Christopher Connolly, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Ona T. Wang, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Boisey Caldwell, proceeding pro se, appeals from an October 21, 2020 judgment of the District Court (Wang, M.J.) affirming the final decision of the Commissioner of Social Security, which rejected Caldwell's application for disabled-adult-child insurance benefits after the death of his father. The able Magistrate Judge granted the Commissioner's motion for judgment on the pleadings after determining that substantial evidence supported the conclusion of the Administrative Law Judge ("ALJ") that Caldwell was not disabled prior to

2

age twenty-two, as required by the relevant statute that covers insurance benefits for disabled adult children, 42 U.S.C. § 402(d)(1)(B)–(C). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In deciding an appeal of the denial of disability benefits, we "focus on the administrative ruling" and determine whether the ALJ's decision was supported by "substantial evidence" and applied the correct legal standards. McIntyre v. Colvin, 758 F.3d 146, 149 (2d Cir. 2014). To be eligible for disabled adult child benefits, a claimant over age eighteen must, in relevant part, be unmarried, have a disability that began before age twenty-two, and have been dependent on an insured individual at the time of the insured individual's death.[1] See 42 U.S.C. § 402(d)(1)(B)–(C); 20 C.F.R. § 404.350(a). The person claiming benefits bears the

---

[1] The District Court decided that, even if Caldwell had a childhood disability, he would not be entitled to benefits because he was not "financially dependent on his father." Caldwell v. Comm'r of Soc. Sec., No. 19-CV-6534 (OTW), 2020 WL 6162133, at *6 (S.D.N.Y. Oct. 21, 2020). We need not decide whether Caldwell was his father's dependent child as those terms are defined in the Social Security Act because, regardless, there was not substantial evidence that Caldwell was disabled during the relevant period.

burden of proving the existence of a sufficiently severe physical or mental impairment. See Selian v. Astrue, 708 F.3d 409, 417–18 (2d Cir. 2013).

Caldwell, fifty-seven, argues that the ALJ mistakenly found that he was not disabled before age twenty-two. He claims that he experienced serious domestic abuse as a child and, as a result, developed a disability early in his childhood,[2] which manifested as post-traumatic stress disorder and required psychiatric hospitalizations and medications. To constitute a disability, Caldwell's mental impairment must have left him unable to engage in "any substantial gainful activity," 42 U.S.C. § 423(d)(1)(A), and must be medically determinable — which means that it must be supported by "objective medical evidence" and cannot be based on Caldwell's "statement of symptoms" alone. 20 C.F.R. § 404.1521; see also 42 U.S.C. § 423(d)(5)(A).

Other than Caldwell's own statements, there is no medical evidence that Caldwell was unable to engage in substantial gainful activity due to any impairment before March 28, 1986, when he turned twenty-two, or that

---

[2] While the ALJ erroneously noted January 1, 2007 as the alleged date that the disability began, Caldwell actually alleges that he has been disabled since his date of birth, March 28, 1964, or at least since age seven.

4

establishes the existence of a childhood disability. The only medical evidence in the record that even references Caldwell's medical status between ages eighteen and twenty-two is a report from 2012. In the report, Dr. Vishal Patel explains that he performed a routine psychiatric evaluation of Caldwell and noted a history of "extensive childhood physical abuse" and "many psychiatric hospitalizations when younger." App'x 282. However, Dr. Patel's report did not comment on "the existence of a [medically determinable] impairment prior to" when Caldwell turned twenty-two. Dousewicz v. Harris, 646 F.2d 771, 774 (2d Cir. 1981) (quotation marks omitted).

It is true that the ALJ had a duty to "make every reasonable effort" to help Caldwell obtain medical evidence. 20 C.F.R. § 404.1512(b)(1); see Moran v. Astrue, 569 F.3d 108, 113 (2d Cir. 2009). But the ALJ satisfied that duty here by seeking records from multiple institutions that provided medical care to Caldwell, including two correctional facilities where Caldwell was incarcerated between ages eighteen and twenty-two. Neither facility had retained his records from that period. That these facilities did not retain Caldwell's medical documents over the past three decades does not mean that the ALJ did not

5

exercise reasonable efforts to develop the record.

Based on the existing record,[3] we conclude that substantial evidence supported the ALJ's decision that Caldwell was not disabled between ages eighteen and twenty-two.

We have considered Caldwell's remaining arguments and conclude that they are without merit.   For the foregoing reasons, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] The additional evidence that Caldwell submits on appeal does not warrant remand. Even if Caldwell had "good cause for the failure to incorporate such evidence into the record in [the] prior proceeding," 42 U.S.C. § 405(g), the evidence is not both new and material, see Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir. 1991).