Herminia Sanchez BARRIENTOS,
Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HU-
MAN SERVICES, Defendant,
Appellee.

No. 86–1363.

United States Court of Appeals,
First Circuit.

Submitted Oct. 10, 1986.

Decided March 24, 1987.

Luis Vizcarrondo-Ortiz, Hato Rey, P.R., on brief, for plaintiff, appellant.

Wendy J. Miller, Office of the Gen. Counsel, Social Sec. Div., Dept. of Health and Human Services, Washington, D.C., Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., Donald A. Gonya, Chief Counsel for Social Sec., Randolph W. Gaines, Deputy Chief Counsel for Social Sec. Litigation, and A.

George Lowe, Chief, Disability Litigation Branch, on brief, for defendant, appellee.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

Claimant Herminia Sanchez Barrientos filed an application for Social Security disability benefits alleging back, hip, spine, and neck problems, pain, heart failure, high blood pressure, diverticulosis, and varicose veins. After a hearing, the Administrative Law Judge (ALJ) found claimant not disabled at step 2 of the sequential evaluation process on the ground that claimant did not have a severe impairment or impairments under 20 C.F.R. §§ 404.1520(c), 404.1521. After the Appeals Council denied claimant's request for review of the ALJ's decision, claimant appealed to the district court, which affirmed the Secretary. Claimant appealed. We affirm.

An impairment or combination of impairments is "severe" if it significantly limits a claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Under Social Security Ruling 85–28, a claim may be denied at step 2 for lack of a severe impairment only where "medical evidence establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered.... If ... evidence shows that the person cannot perform his or her past relevant work because of the unique features of that work, a denial at the 'not severe' step of the sequential evaluation process is inappropriate." *West's Social Security Reporting Service, Rulings*, at 473–74 (Supp. 1986). *See McDonald v. Secretary of Health and Human Services*, 795 F.2d 1118, 1124–25 (1st Cir.1986).

In the instant case, the ALJ found that claimant had high blood pressure, diverticulosis, cervico-lumbar myositis, and discogenic disease at C5–C6 and at L4–L5, but that these impairments were not "severe," either singly or in combination. The ALJ discredited claimant's allegations of heart failure. Similarly, the ALJ found that claimant suffered some pain, but that the objective medical evidence did not support claimant's allegation of severe, disabling pain. Our inquiry on appeal is limited to determining whether the record contains substantial evidence to support the Secretary's findings. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). We hold that it does.

Ample medical evidence supports the ALJ's finding that claimant's back, hip, spine, neck and hand conditions are nonsevere and do not significantly affect her ability to perform basic work activities. Despite her cervico-lumbar myositis, discogenic disease, and arthritis, Dr. Rodriguez Aja, a consulting neurologist, stated that claimant could sit, walk and kneel normally, and Dr. Perez-Nazario, a consulting neurologist, found that she was not limited in sitting, standing, or walking. Dr. Rodriguez found her muscle tone and strength to be normal, and Dr. Perez-Nazario found no motor weakness, atrophy, or fasciculation. Dr. Perez-Nazario found her neck motion normal. Dr. Lugo Rodriguez, a consulting internist and cardiologist, found her joint motion and reflexes normal, with no evidence of abnormality in her left wrist. Neither Dr. Rodriguez nor Dr. Lugo found any condition affecting claimant's hands or claimant's ability to grasp or handle objects, although they noted claimant's subjective complaints of numbness and weakness in her hands. Flexion tests performed by Dr. Rodriguez revealed a full range of motion in claimant's elbows, wrists, and fingers, a virtually full range of motion in her neck, and an ability to bend or reach to the fullest extent. In view of this evidence, we cannot say that the Secretary was unreasonable in finding claimant's back, hip, spine, neck and hand problems to be non-severe. Although other medical evidence in the record—notably the report of Dr. Stefani, a treating psychiatrist—conflicted with the above-cited evidence, the resolution of such conflicts in the evidence is for the Secretary. *Lizotte v. Secretary of Health and Human Services*, 654 F.2d 127 (1st Cir.1981). The opinion of Dr. Stefani is not entitled to greater weight merely because Dr. Stefani was claimant's treat-

ing physician, rather than a consulting physician. *Sitar v. Schweiker*, 671 F.2d 19, 22 (1st Cir.1982); *Perez v. Secretary of Health, Education and Welfare*, 622 F.2d 1 (1st Cir.1980).

■ For similar reasons, we find substantial evidence to support the Secretary's rejection of claimant's complaints of disabling pain. The objective medical findings summarized above, accepted by the Secretary, do not show the existence of a condition that would reasonably be expected to produce back, hip, spine, neck or hand pain substantial enough to constitute a severe impairment. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529. Moreover, the medical evidence provides reason for the Secretary to doubt the credibility of claimant's allegations of severe pain. After examining claimant, Dr. Rodriguez stated, "The tests of pain and tact were bizarre in their results." Dr. Perez-Nazario, too, noted that claimant's complaints of "light touch and superficial pain" did not "follow ... any physiopathological pattern" and "change[d] during retesting." Finally, the record also contains non-medical evidence—claimant's statement that she could perform some household maintenance such as "light cooking, washing dishes, use laundry"—inconsistent with the degree of limitation of function associated with severe pain.

■ Substantial evidence also supports the Secretary's implicit finding that claimant could perform her former work as a sales clerk. Claimant described the functional requirements of her former job as walking four hours, standing four hours, bending and reaching occasionally, and handling merchandise. The above-cited medical evidence, permissibly credited by the Secretary, establishes claimant's ability to perform these functions.

■ Nor can we quarrel with the Secretary's findings that claimant's other alleged impairments—heart failure, high blood pressure, diverticulosis, and varicose veins—are not severe. Medical reports found "no pleural, pulmonary or cardiac pathology" and no abnormal cardiovascular symptoms. Claimant's high blood pressure was stated to be "controlled," her prognosis "good" with prescribed medication. There was no medical evidence of end-organ damage resulting from high blood pressure. Dr. Esther Torres, claimant's treating gastroenterologist, specifically found that claimant's diverticulosis condition did not impose any limitation on claimant. Finally, the medical evidence as to claimant's varicose veins did not in any way suggest any accompanying functional limitation. For example, Dr. Rodriguez found that claimant "presented moderate varicose veins in the lower extremities, nevertheless she did not present trophic changes, changes of temperature, edema or cyanosis in them."

For all of the foregoing reasons, we also find substantial record evidence to support the Secretary's determination that all of claimant's impairments, considered in combination, are not severe.

The judgment of the district court is *affirmed.*