[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-1367

 CLAYTON W. MAY,

 Plaintiff, Appellant,

 v.

 SOCIAL SECURITY ADMINISTRATION COMMISSIONER,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Gene Carter, U.S. District Judge] 

 

 Before

 Selya, Boudin and Lynch,
 Circuit Judges. 

 

Rodney F. Vieux and Ray Cebula on brief for appellant. 
Jay P. McCloskey, United States Attorney, David R. Collins, 
Assistant United States Attorney, and Wayne G. Lewis, Assistant 
Regional Counsel, Social Security Administration, on brief for
appellee.

 

 October 7, 1997
 

 Per Curiam. Clayton W. May ("claimant") appeals from 

the Commissioner's denial of disability benefits at step two

of the sequential evaluation process. See 20 CFR 404.1520. 

After a hearing, an Administrative Law Judge ("ALJ") found

that claimant was disabled by a combination of physical and

mental impairments as of November 1992, the filing date of

his application for Social Security Income ("SSI") benefits,

but that his impairments were not severe prior to December

31, 1985, claimant's date last insured ("DLI"). Accordingly,

the Commissioner awarded SSI benefits but denied disability

benefits. On appeal, the district court affirmed the

Commissioner's decision.1 1

 At step two of the evaluation process, claimant has the

burden of proving "that he has a medically severe impairment

or combination of impairments." Bowen v. Yuckert, 482 U.S. 

137, 146, n.5 (1987). An impairment or combination of

impairments is severe if it "significantly limits

[claimant's] physical or mental ability to do basic work

activities." 20 CFR 404.1520(c). "Under Social Security

Ruling 85-28, a claim may be denied at step 2 for lack of a

severe impairment only where 'medical evidence establishes

  

 1 Claimant moved from Vermont to Maine between the time of 1
the hearing before the ALJ and the date that he filed his
appeal to the district court. The district court applied
Second Circuit law and neither party has objected to that
aspect of the decision. In all events, the relevant law of
the two circuits is not significantly different for purposes
of this appeal.

 -2-

only a slight abnormality or combination of slight

abnormalities which would have no more than a minimal effect

on an individual's ability to work even if the individual's

age, education or work experience were specifically

considered. . . . '" Barrientos v. Secretary of Health and 

Human Services, 820 F.2d 1, 2 (1st Cir. 1987)(quoting SSR 85- 

28). Ruling 85-28 clarifies that the step two severity

requirement is intended "to do no more than screen out

groundless claims." McDonald v. Secretary of Health and 

Human Services, 795 F.2d 1118, 1124 (1st Cir. 1986). 

 On appeal, claimant challenges only the ALJ's finding

that claimant did not suffer from a severe mental impairment

prior to December 31, 1985. "[This court's] inquiry on

appeal is limited to determining whether the record contains

substantial evidence to support the Secretary's findings."

Barrientos, 820 F.2d at 2. "Substantial evidence is 'more 

than a mere scintilla. It means such relevant evidence as a

reasonable mind might accept as adequate to support a

conclusion.'" Dousewicz v. Harris, 646 F.2d 771, 773 (2d Cir. 

1981). 

 Based upon our careful review of the record, we find

that the evidence regarding the date on which claimant's

mental impairment became severe is ambiguous. Therefore,

Social Security Ruling 83-20 required the ALJ to consult a

medical advisor. See Bailey v. Chater, 68 F.3d 75, 79 (4th 

 -3-

Cir. 1995); Spellman v. Shalala, 1 F.3d 357, 363 (5th Cir. 

1993); Morgan v.Sullivan, 945 F.2d 1079, 1082(9th Cir. 1991). 

 Neither the absence of medical treatment records from

the relevant period nor the retrospective nature of Mr.

Karp's opinion justified the ALJ's finding that the treating

source's report was too speculative a basis for establishing

a severe impairment. See Arnone v. Bowen, 882 F.2d 34, 39 

(2d Cir. 1989) (noting that dearth of contemporaneous

evidence does not necessarily preclude claimant's entitlement

to a "period of disability," 20 CFR S404.320). Mr. Karp's

opinion, as the retrospective opinion of a treating source,

is entitled to "significant weight." Dousewicz, 646 F.2d at 

774; see also Deblois v. Secretary of Health and Human 

Services, 686 F.2d 76, 81 (1st Cir. 1982) (remanding for ALJ 

to obtain retrospective opinions regarding claimant's mental

condition in relevant period).

 Nor was Mr. Karp's opinion inconsistent with the record

as a whole. Neither Dr. Lichtenstein's statement that

claimant had been "fully and totally disabled . . . since

1990," nor any other medical evidence in the record directly

contradicts Mr. Karp's opinion that claimant was severely

impaired by his mental disability prior to December 31, 1985.

Dr. Lichtenstein's refusal to give an opinion about the

status of claimant's mental condition in the pre-DLI period

suggests that the general practitioner had not formed an

 -4-

opinion about the severity of claimant's mental condition

during the relevant period. "[N]or is there 'overwhelmingly

compelling' non-medical evidence to the contrary as required

by Wagner in the absence of competing medical opinions." 

Rivera v. Sullivan, 923 F.2d 964, 969 (2d Cir. 1991) (quoting 

Wagner v. Secretary of Health and Human Services, 906 F.2d 

856, 862 (2d Cir. 1990)).

 We conclude that the evidence was at least ambiguous

with respect to whether the claimant met his burden at step

two to show that his mental impairment was not slight and

that it had "'more than a minimal effect on . . . ability to

perform basic work activities' within the meaning of SSR 85-

28." Fernandez v. Secretary of Health and Human Services, 

826 F.2d 164, 167 (1st Cir. 1987). Therefore, the ALJ should

have consulted with a medical advisor to determine the date

on which claimant's mental impairment became severe. The

judgment of the district court is vacated, and the case is

remanded so that it may be further remanded to the

Commissioner for additional proceedings consistent with this

opinion.

 Vacated and Remanded. 

 -5-