USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1367 CLAYTON W. MAY, Plaintiff, Appellant, v. SOCIAL SECURITY ADMINISTRATION COMMISSIONER, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ ____________________ Rodney F. Vieux and Ray Cebula on brief for appellant. _______________ __________ Jay P. McCloskey, United States Attorney, David R. Collins, __________________ _________________ Assistant United States Attorney, and Wayne G. Lewis, Assistant ________________ Regional Counsel, Social Security Administration, on brief for appellee. ____________________ October 7, 1997 ____________________ Per Curiam. Clayton W. May ("claimant") appeals from ___________ the Commissioner's denial of disability benefits at step two of the sequential evaluation process. See 20 CFR 404.1520. ___ After a hearing, an Administrative Law Judge ("ALJ") found that claimant was disabled by a combination of physical and mental impairments as of November 1992, the filing date of his application for Social Security Income ("SSI") benefits, but that his impairments were not severe prior to December 31, 1985, claimant's date last insured ("DLI"). Accordingly, the Commissioner awarded SSI benefits but denied disability benefits. On appeal, the district court affirmed the Commissioner's decision.1 1 At step two of the evaluation process, claimant has the burden of proving "that he has a medically severe impairment or combination of impairments." Bowen v. Yuckert, 482 U.S. _____ _______ 137, 146, n.5 (1987). An impairment or combination of impairments is severe if it "significantly limits [claimant's] physical or mental ability to do basic work activities." 20 CFR 404.1520(c). "Under Social Security Ruling 85-28, a claim may be denied at step 2 for lack of a severe impairment only where 'medical evidence establishes  ____________________ 1 Claimant moved from Vermont to Maine between the time of 1 the hearing before the ALJ and the date that he filed his appeal to the district court. The district court applied Second Circuit law and neither party has objected to that aspect of the decision. In all events, the relevant law of the two circuits is not significantly different for purposes of this appeal. -2- only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education or work experience were specifically considered. . . . '" Barrientos v. Secretary of Health and __________ ________________________ Human Services, 820 F.2d 1, 2 (1st Cir. 1987)(quoting SSR 85- ______________ 28). Ruling 85-28 clarifies that the step two severity requirement is intended "to do no more than screen out groundless claims." McDonald v. Secretary of Health and ________ _________________________ Human Services, 795 F.2d 1118, 1124 (1st Cir. 1986). ______________ On appeal, claimant challenges only the ALJ's finding that claimant did not suffer from a severe mental impairment prior to December 31, 1985. "[This court's] inquiry on appeal is limited to determining whether the record contains substantial evidence to support the Secretary's findings." Barrientos, 820 F.2d at 2. "Substantial evidence is 'more __________ than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Dousewicz v. Harris, 646 F.2d 771, 773 (2d Cir. _________ ______ 1981).  Based upon our careful review of the record, we find that the evidence regarding the date on which claimant's mental impairment became severe is ambiguous. Therefore, Social Security Ruling 83-20 required the ALJ to consult a medical advisor. See Bailey v. Chater, 68 F.3d 75, 79 (4th ___ ______ ______ -3- Cir. 1995); Spellman v. Shalala, 1 F.3d 357, 363 (5th Cir. ________ _______ 1993); Morgan v.Sullivan, 945 F.2d 1079, 1082(9th Cir. 1991). ______ ________ Neither the absence of medical treatment records from the relevant period nor the retrospective nature of Mr. Karp's opinion justified the ALJ's finding that the treating source's report was too speculative a basis for establishing a severe impairment. See Arnone v. Bowen, 882 F.2d 34, 39 ___ ______ _____ (2d Cir. 1989) (noting that dearth of contemporaneous evidence does not necessarily preclude claimant's entitlement to a "period of disability," 20 CFR S404.320). Mr. Karp's opinion, as the retrospective opinion of a treating source, is entitled to "significant weight." Dousewicz, 646 F.2d at _________ 774; see also Deblois v. Secretary of Health and Human _________ _______ ________________________________ Services, 686 F.2d 76, 81 (1st Cir. 1982) (remanding for ALJ ________ to obtain retrospective opinions regarding claimant's mental condition in relevant period). Nor was Mr. Karp's opinion inconsistent with the record as a whole. Neither Dr. Lichtenstein's statement that claimant had been "fully and totally disabled . . . since 1990," nor any other medical evidence in the record directly contradicts Mr. Karp's opinion that claimant was severely impaired by his mental disability prior to December 31, 1985. Dr. Lichtenstein's refusal to give an opinion about the status of claimant's mental condition in the pre-DLI period suggests that the general practitioner had not formed an -4- opinion about the severity of claimant's mental condition during the relevant period. "[N]or is there 'overwhelmingly compelling' non-medical evidence to the contrary as required by Wagner in the absence of competing medical opinions." ______ Rivera v. Sullivan, 923 F.2d 964, 969 (2d Cir. 1991) (quoting ______ ________ Wagner v. Secretary of Health and Human Services, 906 F.2d ______ ________________________________________ 856, 862 (2d Cir. 1990)). We conclude that the evidence was at least ambiguous with respect to whether the claimant met his burden at step two to show that his mental impairment was not slight and that it had "'more than a minimal effect on . . . ability to perform basic work activities' within the meaning of SSR 85- 28." Fernandez v. Secretary of Health and Human Services, _________ ________________________________________ 826 F.2d 164, 167 (1st Cir. 1987). Therefore, the ALJ should have consulted with a medical advisor to determine the date on which claimant's mental impairment became severe. The judgment of the district court is vacated, and the case is remanded so that it may be further remanded to the Commissioner for additional proceedings consistent with this opinion. Vacated and Remanded. _______ ________ -5-