**Marino RAMOS, Plaintiff, Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant, Appellee.**

No. 02–1687.

United States Court of Appeals,
First Circuit.

March 21, 2003.

Raymond J. Kelly, on brief, for appellant.

Thomas P. Colantuono, United States Attorney, Lisa De Soto, General Counsel, Robert J. Triba, Chief Counsel, Maria A. Machin, Assistant Regional Counsel, and David L. Broderick, Assistant U.S. Attorney, on brief, for appellee.

Before STAHL, Senior Circuit Judge, LYNCH and LIPEZ, Circuit Judges.

PER CURIAM.

Claimant Marino Ramos appeals from the district court's order affirming the denial, by the Commissioner of Social Security, of claimant's application for disability benefits. After a hearing, an administrative law judge (ALJ) determined that, although claimant suffered from severe chronic pain syndrome, which included pain in his left knee, ankle, and upper extremities, claimant could perform his past work as an electronics assembler. In so concluding, the ALJ rejected claimant's allegation that he suffered from a severe somatoform disorder and rejected claimant's complaints of disabling pain.

On appeal, claimant argues that the ALJ's conclusion, at step 2 of the sequential evaluation process, that claimant does not have a severe mental impairment—i.e., a severe somatoform disorder—is not supported by substantial evidence in the record. Claimant also argues that the ALJ improperly discounted claimant's allegations of disabling pain. For the following reasons, we agree with claimant and there-

fore vacate the Commissioner's final decision and remand for further proceedings.

At step 2 of the sequential evaluation process, claimant has the burden of proving "that he has a medically severe impairment or combination of impairments." *Bowen v. Yuckert,* 482 U.S. 137, 146, n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). An impairment is "severe" when it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). "Under Social Security Ruling 85–28, a claim may be denied at step 2 for lack of a severe impairment only where medical evidence establishes only a slight abnormality ... which would have *no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered....*" *Barrientos v. Secretary of Health and Human Services,* 820 F.2d 1, 2 (1st Cir.1987) (per curiam) (internal quotation marks and citation omitted). Social Security Ruling 85–28 (Medical Impairments that Are Not Severe) clarifies that the step two severity requirement is intended "to do no more than screen out groundless claims." *McDonald v. Secretary of Health and Human Services,* 795 F.2d 1118, 1124 (1st Cir.1986).

In reaching the conclusion that claimant did not have a severe mental impairment, the ALJ relied on his reading of a report filed by Dr. Francis Warman, a consulting clinical psychologist, who had examined claimant. According to the ALJ, Dr. Warman had determined that claimant did *not* meet all of the criteria for a "somatoform disorder." Trans. at 16. Based on this, the ALJ concluded that "claimant's borderline somatoform symptoms do not present a significant additional limitation to his functioning and are, therefore, not severe." *Id.*

After carefully reviewing the record, it is plain that the ALJ misread Dr. Warman's report. That is, Dr. Warman, as claimant points out, did *not* state that claimant failed to meet all of the criteria for a "somatoform" disorder. Rather, Dr. Warman opined that claimant did not meet all of the criteria for a *"somatization* disorder." Trans. at 201 (emphasis added). According to the *Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 1994) ("*DSM IV*"), a somatization disorder is *one type* of somatoform disorder, and, since Dr. Warman had employed the axis system of diagnosis prescribed by *DSM IV,* we assume that he was aware of the definitions of the terms he was using.

As described in *DSM IV,* a *somatoform* disorder "is the presence of physical symptoms that suggest a general medical condition ... and are not fully explained by a general medical condition, by the direct effects of a substance, or by another mental disorder (e.g., Panic Disorder)." *Id.* at 445 (that is, "there is no diagnosable general medical condition to fully account for the physical symptoms"). A *somatization* disorder, in turn, "is a pattern of recurring, multiple, clinically significant somatic complaints" which "must [have begun] before age 30." *Id.* at 446. Because claimant alleged an onset date of December 1997, when he was 36 years old, his impairment plainly does not fit within the definition of a somatization disorder, as Dr. Warman found.

Further, there exists ample medical evidence in the record that claimant has a somatoform disorder and that it is severe. Dr. Monlux, the physician who had treated claimant the most often, plainly believed that claimant suffered from a somatoform disorder. *See* Trans. at 207, 237. Two other physicians who had examined claimant—Drs. Phillips and Richey—also made diagnoses of a somatoform disorder. *See*

*id.* at 213, 233. Significantly, no physician, or Dr. Warman for that matter, *rejected* such a diagnosis. Thus, by concluding that claimant did not have a somatoform disorder, the ALJ was substituting his own lay opinion for the uncontroverted medical evidence. *See Rose v. Shalala,* 34 F.3d 13, 17–18 (1st Cir.1994) (where claimant's treating doctors diagnosed chronic fatigue syndrome and no doctor had rejected this diagnosis, the ALJ was not free to substitute his own opinion that claimant did not suffer from chronic fatigue syndrome for that of the uncontroverted medical evidence).

That claimant's somatoform disorder qualifies as "severe" also is plain. As we explained, "the step two severity requirement is intended to do no more than screen out groundless claims." *See McDonald, supra,* 795 F.2d at 1124. Given the number of physicians who diagnosed such a disorder and the fact that such a diagnosis essentially is unchallenged, it would be extremely hard to describe claimant's assertion of a somatoform impairment as groundless. Also, it appears that this impairment has more than a "minimal effect" on claimant's ability to function. *See Barrientos, supra,* 820 F.2d at 2 (internal quotation marks and citation omitted). That is, even Dr. Warman opined that claimant would have "difficulty tolerating stress in the work environment primarily due to his experience of physical pain [in] many different sites of his body" and that "this has interfered with his attendance in following schedules." Trans. at 201. Combined with claimant's testimony concerning the disabling effects of his pain and the opinion of two of claimant's treating physicians that he is, in fact, *disabled* from working, a finding of severity would seem unavoidable.

The ALJ's erroneous conclusion that claimant does not suffer from a severe somatoform disorder led to two other errors. First, the ALJ rejected as not credible claimant's subjective complaints associated with his somatoform disorder—*i.e.,* claimant's allegations of disabling pain. And, as a result of this rejection, the ALJ failed to include pain and its effects as non-exertional limitations in the hypothetical the ALJ posed to the vocational expert (VE) at the hearing.

The reasons the ALJ gave for rejecting claimant's complaints of disabling pain were "the minimal findings of objective lesions to account for the subjective complaints, and the possibility that the claimant [was] magnifying his symptoms for secondary gain. . . ." Trans. at 20. The record does not support the ALJ's findings in this regard. First, the very diagnosis of a somatoform disorder *means* that claimant's symptoms of pain "are not fully explained by a general medical condition." In other words, an individual with a diagnosis of a somatoform disorder will not have hard test results or a physical impairment that can fully account for all of that person's *credible,* subjective complaints. In relation to the second ground, *no* physician who had examined claimant opined that claimant was magnifying or exaggerating his complaints for some kind of secondary gain or for some other reason.

Given that the record does not support the ALJ's rejection of claimant's subjective complaints, the hypothetical which the ALJ posed to the VE was flawed. That is, this hypothetical erroneously "assumed that [pain] did not pose a significant functional limitation for the claimant." *See Rose v. Shalala, supra,* 34 F.3d at 19. And, as a result of this flawed hypothetical, the testimony of the VE that claimant was able to perform his past work could not provide a basis for the ALJ's determination that claimant was not disabled. *See id.*

 

There is no reason to go further. For the above reasons, the judgment of the district court is *vacated,* and the case is *remanded* to that court with instructions to remand to the Commissioner for further findings and/or proceedings not inconsistent with this opinion.

*So ordered.*