USCA1 Opinion

 

Not for Publication in West's Federal Reporter

Citation Limited Pursuant to 1st Cir. Loc. R. 32.3

United States Court of Appeals

For the First Circuit

No. 02-1687

MARINO RAMOS,

Plaintiff, Appellant,

v.

JO ANNE B. BARNHART,

COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

Before

 Stahl, Senior Circuit Judge,

Lynch and Lipez, Circuit Judges.

 Raymond J. Kelly on brief for appellant.

 Thomas P. Colantuono, United States Attorney, Lisa De Soto,
General Counsel, Robert J. Triba, Chief Counsel, Maria A. Machin,
Assistant Regional Counsel, and David L. Broderick, Assistant U.S.
Attorney, on brief for appellee.

March 21, 2003

 Per Curiam. Claimant Marino Ramos appeals from the
district court's order affirming the denial, by the
Commissioner of Social Security, of claimant's application for
disability benefits. After a hearing, an administrative law
judge (ALJ) determined that, although claimant suffered from
severe chronic pain syndrome, which included pain in his left
knee, ankle, and upper extremities, claimant could perform his
past work as an electronics assembler. In so concluding, the
ALJ rejected claimant's allegation that he suffered from a
severe somatoform disorder and rejected claimant's complaints
of disabling pain.

 On appeal, claimant argues that the ALJ's conclusion,
at step 2 of the sequential evaluation process, that claimant
does not have a severe mental impairment -- i.e., a severe
somatoform disorder -- is not supported by substantial evidence
in the record. Claimant also argues that the ALJ improperly
discounted claimant's allegations of disabling pain. For the
following reasons, we agree with claimant and therefore vacate
the Commissioner's final decision and remand for further
proceedings.

 At step 2 of the sequential evaluation process,
claimant has the burden of proving "that he has a medically
severe impairment or combination of impairments." Bowen v.
Yuckert, 482 U.S. 137, 146, n.5 (1987). An impairment is
"severe" when it "significantly limits [the claimant's]
physical or mental ability to do basic work activities." 20
C.F.R. § 404.1520(c). "Under Social Security Ruling 85-28, a
claim may be denied at step 2 for lack of a severe impairment
only where medical evidence establishes only a slight
abnormality . . . which would have no more than a minimal
effect on an individual's ability to work even if the
individual's age, education, or work experience were
specifically considered . . . ." Barrientos v. Secretary of
Health and Human Services, 820 F.2d 1, 2 (1st Cir. 1987) (per
curiam) (internal quotation marks and citation omitted). 
Social Security Ruling 85-28 (Medical Impairments that Are Not
Severe) clarifies that the step two severity requirement is
intended "to do no more than screen out groundless claims." 
McDonald v. Secretary of Health and Human Services, 795 F.2d
1118, 1124 (1st Cir. 1986).

 In reaching the conclusion that claimant did not have
a severe mental impairment, the ALJ relied on his reading of a
report filed by Dr. Francis Warman, a consulting clinical
psychologist, who had examined claimant. According to the ALJ,
Dr. Warman had determined that claimant did not meet all of the
criteria for a "somatoform disorder." Trans. at 16. Based on
this, the ALJ concluded that "claimant's borderline somatoform
symptoms do not present a significant additional limitation to
his functioning and are, therefore, not severe." Id. 

 After carefully reviewing the record, it is plain
that the ALJ misread Dr. Warman's report. That is, Dr. Warman,
as claimant points out, did not state that claimant failed to
meet all of the criteria for a "somatoform" disorder. Rather,
Dr. Warman opined that claimant did not meet all of the
criteria for a "somatization disorder." Trans. at 201
(emphasis added). According to the Diagnostic and Statistical
Manual of Mental Disorders (4th ed. 1994) ("DSM IV"), a
somatization disorder is one type of somatoform disorder, and,
since Dr. Warman had employed the axis system of diagnosis
prescribed by DSM IV, we assume that he was aware of the
definitions of the terms he was using.

 As described in DSM IV, a somatoform disorder "is the
presence of physical symptoms that suggest a general medical
condition . . . and are not fully explained by a general
medical condition, by the direct effects of a substance, or by
another mental disorder (e.g., Panic Disorder)." Id. at 445
(that is, "there is no diagnosable general medical condition to
fully account for the physical symptoms"). A somatization
disorder, in turn, "is a pattern of recurring, multiple,
clinically significant somatic complaints" which "must [have
begun] before age 30." Id. at 446. Because claimant alleged
an onset date of December 1997, when he was 36 years old, his
impairment plainly does not fit within the definition of a
somatization disorder, as Dr. Warman found.

 Further, there exists ample medical evidence in the
record that claimant has a somatoform disorder and that it is
severe. Dr. Monlux, the physician who had treated claimant the
most often, plainly believed that claimant suffered from a
somatoform disorder. See Trans. at 207, 237. Two other
physicians who had examined claimant -- Drs. Phillips and
Richey -- also made diagnoses of a somatoform disorder. See
id. at 213, 233. Significantly, no physician, or Dr. Warman
for that matter, rejected such a diagnosis. Thus, by
concluding that claimant did not have a somatoform disorder,
the ALJ was substituting his own lay opinion for the
uncontroverted medical evidence. See Rose v. Shalala, 34 F.3d
13, 17-18 (1st Cir. 1994) (where claimant's treating doctors
diagnosed chronic fatigue syndrome and no doctor had rejected
this diagnosis, the ALJ was not free to substitute his own
opinion that claimant did not suffer from chronic fatigue
syndrome for that of the uncontroverted medical evidence).

 That claimant's somatoform disorder qualifies as
"severe" also is plain. As we explained, "the step two
severity requirement is intended to do no more than screen out
groundless claims." See McDonald, supra, 795 F.2d at 1124. 
Given the number of physicians who diagnosed such a disorder
and the fact that such a diagnosis essentially is unchallenged,
it would be extremely hard to describe claimant's assertion of
a somatoform impairment as groundless. Also, it appears that
this impairment has more than a "minimal effect" on claimant's
ability to function. See Barrientos, supra, 820 F.2d at 2
(internal quotation marks and citation omitted). That is, even
Dr. Warman opined that claimant would have "difficulty
tolerating stress in the work environment primarily due to his
experience of physical pain [in] many different sites of his
body" and that "this has interfered with his attendance in
following schedules." Trans. at 201. Combined with claimant's
testimony concerning the disabling effects of his pain and the
opinion of two of claimant's treating physicians that he is, in
fact, disabled from working, a finding of severity would seem
unavoidable.

 The ALJ's erroneous conclusion that claimant does not
suffer from a severe somatoform disorder led to two other
errors. First, the ALJ rejected as not credible claimant's
subjective complaints associated with his somatoform disorder
-- i.e., claimant's allegations of disabling pain. And, as a
result of this rejection, the ALJ failed to include pain and
its effects as non-exertional limitations in the hypothetical
the ALJ posed to the vocational expert (VE) at the hearing.

 The reasons the ALJ gave for rejecting claimant's
complaints of disabling pain were "the minimal findings of
objective lesions to account for the subjective complaints, and
the possibility that the claimant [was] magnifying his symptoms
for secondary gain . . . ." Trans. at 20. The record does not
support the ALJ's findings in this regard. First, the very
diagnosis of a somatoform disorder means that claimant's
symptoms of pain "are not fully explained by a general medical
condition." In other words, an individual with a diagnosis of
a somatoform disorder will not have hard test results or a
physical impairment that can fully account for all of that
person's credible, subjective complaints. In relation to the
second ground, no physician who had examined claimant opined
that claimant was magnifying or exaggerating his complaints for
some kind of secondary gain or for some other reason.

 Given that the record does not support the ALJ's
rejection of claimant's subjective complaints, the hypothetical
which the ALJ posed to the VE was flawed. That is, this
hypothetical erroneously "assumed that [pain] did not pose a
significant functional limitation for the claimant." See Rose
v. Shalala, supra, 34 F.3d at 19. And, as a result of this
flawed hypothetical, the testimony of the VE that claimant was
able to perform his past work could not provide a basis for the
ALJ's determination that claimant was not disabled. See id.

 There is no reason to go further. For the above
reasons, the judgment of the district court is vacated, and the
case is remanded to that court with instructions to remand to
the Commissioner for further findings and/or proceedings not
inconsistent with this opinion.

 So ordered.